UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MADELINE JOY PAUL

VERSUS

WALMART

CIVIL ACTION

NUMBER 10-534-RET-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 18, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MADELINE JOY PAUL

VERSUS

WALMART

CIVIL ACTION

NUMBER 10-534-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

When a review of the record showed that the defendant had not filed answer and there was no return of service in the record, the plaintiff was notified that she is responsible for completing and returning to the U.S. Marshal a Form 285 for service on the defendant, and that her failure to do so will result in the defendant not being timely served, which may result in dismissal of the complaint.[1] After the time to serve the defendant had expired, and another review of the record showed that the defendant had still not been served, the plaintiff was ordered to show cause why her complaint should not be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.[2] Plaintiff timely filed a response to the show cause order.[3]

Plaintiff stated in her response that she is not familiar with the Federal Rules of Civil Procedure but recently has been able to do some internet research and visited a public library to get

---

[1] Record document number 10.

[2] Record document number 11.

[3] Record document number 12.

information so as to be able to proceed on her own. She is also diligently seeking an attorney to represent her.

However, the plaintiff did not address the only issue relevant to the show cause order: failure to serve the defendant. The merits of her claim are not at issue. Plaintiff offered no justification, or even an explanation, for not providing the U.S. Marshal with the Form 285 needed for service on the defendant.

That she was responsible for providing the completed form to U.S. Marshal was explained to the plaintiff twice. The first time was in the Ruling on Application to Proceed In Foram Pauperis and for Appointment of Counsel: "Plaintiff is responsible for promptly providing the U.S. Marshal with a properly completed U.S. Marshal Form 285."[4] Footnote 4 of the ruling advised the plaintiff: " The form can be obtained by contacting the U.S. Marshal." The telephone number for the U.S. Marshal can be readily obtained by simply looking in the local telephone book. The second time was in the Notice Regarding Service of Process: "While the U.S. Marshal is responsible for service of the complaint, the plaintiff is responsible for completing and returning to the U.S. Marshal a Form 285 for service on the defendant."[5]

The time allowed by Rule 4(m) to serve the defendant has expired. While the plaintiff has not specifically asked for more time to serve the defendant, in her response to the show cause

---

[4] Record document number 5.

[5] Record document number 10.

3

order she asked that her complaint not be dismissed. Her response will be construed as including a request for additional time to serve the defendant.

Plaintiff has not shown good cause for failing to timely serve the defendant. Although the court has discretion under Rule 4(m) to extend the time for service even if the plaintiff does not show good cause, the record does not support giving the plaintiff more time to serve the defendant. Despite informing her twice that she was responsible for providing the U.S. Marshal with a completed Form 285, she has not done the only thing she needed to do so that the U.S. Marshal could timely serve the defendant. An attorney was not needed to obtain, complete and promptly return the Form 285 to the U.S. Marshal.

## Recommendation

It is the recommendation of the magistrate judge that the plaintiffs' complaint be dismissed pursuant to Rule 4(m).[6]

Baton Rouge, Louisiana, February 18, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal). Even applying the stricter Rule 41(b) standard, the plaintiff's repeated failure to provide the Form 285 to the U.S. Marshal constitutes a clear record of delay caused the plaintiff.